IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DEMETRIUS ANTWAN BIRT,          )
                                )
                Petitioner,     )
                                )
        v.                      )          CV 121-159
                                )
SHAWN EMMONS,                   )
                                )
                Respondent.     )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner originally filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the Middle District of Georgia, and Judge W. Louis Sands, Sr., transferred the petition to this Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to appoint counsel be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

I.      **BACKGROUND**

Petitioner was convicted in 2002 in the Superior Court of Jefferson County, Georgia for aggravated assault and criminal damage to property.  (Doc. no. 1, p. 1.)  Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions on April 13, 2007. Birt v. State, 645 S.E.2d 596 (Ga. Ct. App. 2007).  Petitioner did not apply for a writ of certiorari to the Supreme Court of Georgia.

Petitioner filed a *pro se* habeas corpus petition in the Superior Court of Baldwin County in which he raised seven claims, including "deliberate indifference of judge," bias of tribunal, four counts of violations to his due process and equal protection clauses, and ineffective assistance of counsel. (Doc. no. 1, p. 3.) On March 15, 2017, the state habeas court denied the petition without a hearing. Petitioner appealed, and the Supreme Court of Georgia dismissed the appeal as untimely on December 7, 2020.

While Petitioner provides no other procedural background, the Court is aware of additional petitions filed by Petitioner challenging the same 2002 Laurens County conviction. In 2008, Petitioner filed his first state habeas petition in the Superior Court of Gwinnett County, which was denied following an evidentiary hearing. In 2012, Petitioner filed his first § 2254 petition with this Court, and U.S. District Judge J. Randall Hall dismissed that petition as untimely. See Birt v. Oubre, CV 112-048, doc. no. 16 (S.D. Ga. Jan. 31, 2013).[1]

Petitioner filed the instant § 2254 petition on July 30, 2021. (Doc. no. 1.) Therein, Petitioner requests relief from his 2002 conviction, arguing multiple grounds for relief based on "deliberate indifference of Judge," "biasness of Judge," and violations of administrative due process and equal protection clause. (See generally id.) Petitioner does not allege since his first § 2254 he has requested or received authorization from the Eleventh Circuit Court of Appeals to file a successive petition.

## II.   DISCUSSION

Because Petitioner filed a prior application for a federal writ of habeas corpus, the current application is successive. The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ."  Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.  In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner does not state he has sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Without such authorization, this Court cannot consider Petitioner's claims.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564  (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

## III.   CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to appoint counsel be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be

**DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of November, 2021, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA